UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SHAUN DIRKS,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN L. COLVIN,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No. 3:15-cv-01600-TC<br><br>REPORT AND RECOMMENDATION |

George J. Wall
1336 E. Burnside Street, Suite 130
Portland, OR 97214
    Attorney for Plaintiff

Billy J. Williams
United States Attorney, District of Oregon
Janice E. Hebert
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, OR 97204

Jordan D. Goddard
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104
    Attorneys for Defendant

**COFFIN, Magistrate Judge**:

Plaintiff Shaun Dirks ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles II and XVI of the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). Because the Commissioner's decision is supported by substantial evidence, the decision should be affirmed and this case should be dismissed.

## DISCUSSION

Plaintiff challenges the ALJ's decision, claiming that he erred by failing to develop the record. The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this court may not substitute its judgment for that of the Commissioner. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." Orn v. Astrue, 495 F.3d 625, 630 (9th

Cir. 2007) (quoting Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). The reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. Orn, 495 F.3d at 630; see also Bray, 554 F.3d at 1226-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

Plaintiff first argues that the ALJ failed to fully and fairly develop the record, alleging that the ALJ erred in his determination of plaintiff's disability onset date. An ALJ's "duty to develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." McLeod v. Astrue, 640 F.3d 881, 885 (9th Cir. 2011).

The court has considered the entire record and concludes that it was not ambiguous and did not require further development to constitute substantial evidence supporting the ALJ's non-disability determination.[1] Here, the ALJ found that plaintiff's disability onset was of traumatic origin, beginning when plaintiff suffered a stroke on August 19, 2013. Tr. 34-36, 483-84. SSR 83-20 provides that, "[f]or disabilities of traumatic origin, onset is the day of the injury." SSR 83-20, at *2. Because the ALJ determined that plaintiff's disability onset was of traumatic origin, and the date of plaintiff's stroke was substantiated in the record, the ALJ was not required to further develop the record by calling on the services of a medical expert. Id. at *2; McLeod, 640 F.3d at 885.

Plaintiff also argues that the ALJ's evaluation of the record was not supported by substantial evidence, but does not provide legal argument to support his claim. Instead, he attempts to bolster his assertion by citing to evidence that the ALJ rejected in his decision. Specifically, plaintiff cites his own testimony, the testimony of the lay witness, and the medical

---

[1] Indeed, neither plaintiff nor plaintiff's counsel requested a consultative examination at the administrative hearing or otherwise indicated that the record was incomplete. See Tr. 45-90.

Page 3 – REPORT AND RECOMMENDATION

opinion of James Borden, M.D. Because plaintiff does not challenge the ALJ's evaluation of the evidence, however, he has waived any challenge to the ALJ's credibility finding (Tr. 25, 33), his evaluation of the lay testimony (Tr. 30), and his evaluation of the medical evidence (Tr. 32-33). Carmickle v. Comm'r, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address arguments not raised with specificity in briefing). The court has examined the ALJ's findings in light of the entire record and finds that they are rational. On this record, because plaintiff merely provides an alternative interpretation of the evidence, the court must uphold the ALJ's rational conclusions that are based on the record. Burch, 400 F.3d at 679.

## RECOMMENDATION

In sum, there was substantial evidence in the record to support the ALJ's non-disability determination. The decision that Plaintiff is not disabled should therefore be AFFIRMED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. **Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections.** *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this 25 day of August, 2016.

Thomas M. Coffin
United States Magistrate Judge

Page 4 – REPORT AND RECOMMENDATION